UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2026

BASHEEN RUSH,

                    Plaintiff,

          -against-

JANE OR JOHN DOE CORRECTION
OFFICER, N.Y.C. DOC Working the "A" post in
10 Upper housing E.M.T.C.; Jane or John Doe
Correction Officer, N.Y.C. DOC Working the
"B" post in 10 Upper housing E.M.T.C.; NEW
YORK CITY DEPARTMENT OF
CORRECTION; JANE OR JOHN DOE
CAPTAIN, Working the 10 Upper housing
E.M.T.C.; JOHN OR JANE DOE WARDEN,
E.M.T.C.,

                    Defendants.

26-CV-1571 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who currently is incarcerated at Groveland Correctional Facility, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, arising from an assault on January 7, 2024, when he was at the Eric M. Taylor Center (EMTC) in the custody of the New York City Department of Correction (DOC). By order dated February 27, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**A.      New York City Department of Correction**

Plaintiff brings claims against the New York City DOC. Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

The DOC does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). Any claims against the DOC thus must be brought against the City of New York. The Court therefore dismisses Plaintiff's claims against the DOC because it lacks the capacity to be sued in the name of the agency.

2

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to add Defendant City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      City of New York and EMTC Warden**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and the Warden of the EMTC waive service of summons.[2]

**C.      John and Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the John or Jane Doe Correction Officers assigned to A and B post, and John or Jane Doe Captain, assigned to 10 Upper Housing at EMTC on January 7, 2024.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The New

---

[2] If service for the EMTC Warden cannot be waived, the New York City Law Department is directed to identify the individual who occupied the post as of January 7, 2024, and a service address, and to provide this information to Plaintiff and the Court within 60 days.

[3] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than personal service at a DOC facility.

York City Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

### D.      Pro Bono Counsel

Plaintiff has applied for the court to request pro bono counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

### E.      Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

Plaintiff's motion for pro bono counsel (ECF 4) is denied without prejudice, and the Clerk of Court is directed to terminate the motion. The Court dismisses Plaintiff's claims against the New York City Department of Correction because it lacks the capacity to be sued in the name of the agency and directs the Clerk of Court to terminate this defendant. The Clerk of Court is directed, under Fed. R. Civ. P. 21, to add the City of New York as a defendant.

The Clerk of Court is directed to electronically notify the New York City DOC and the New York City Law Department of this order. The Court requests that Defendants City of New York and the Warden of the Eric M. Taylor Center waive service of summons.

The Clerk of Court is directed to mail: (1) a copy of this order, together with an information package and Amended Prisoner Civil Rights Complaint form to Plaintiff; and (2) a copy of this order and the complaint to the New York City Law Department at: 100 Church Street New York, NY 10007.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:    3/4/2026
          New York, New York

_Mary Kay Vyskocil_
MARY KAY VYSKOCIL
United States District Judge

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                     State            Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

Defendant 2:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

Defendant 3:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

Defendant 4:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                        Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6