USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 11/05/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASHEEN RUSH,

Plaintiff,

-against-

JANE or JOHN DOE, *Correction Officer, N.Y.C. DOC, Working the "A" post in 10 Upper housing E.M.T.C.*,

JANE or JOHN DOE, *Correction Officer, N.Y.C. DOC, Working the "B" post in 10 Upper housing E.M.T.C.*,

JANE or JOHN DOE, *Captain, N.Y.C. DOC, Working the 10 Upper housing E.M.T.C.*,

JANE or JOHN DOE, *Captain, Warden of New York City Department of Correction Facility E.M.C.T*,

CITY OF NEW YORK,

Defendants.

1:26-cv-1571-MKV

ORDER REQUESTING PRO BONO COUNSEL

MARY KAY VYSKOCIL, United States District Judge:

This action arises from a complaint filed on February 24, 2026 by Basheen Rush ("Plaintiff"), proceeding *pro se*. [ECF No. 1]. Plaintiff alleges that he sustained injuries from an assault by gang members in prison while Defendants failed to protect him, violating his constitutional rights under the Eighth and Fourteenth Amendments. *See generally id.* Plaintiff requested the appointment of pro bono counsel on February 24, 2026. [ECF No. 4]. The Court denied Plaintiff's request without prejudice on March 4, 2026 because, at that time, it was "too early in the proceedings for the Court to assess the merits of the action." [ECF No. 8 at 4].

For the reasons discussed herein, the Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of discovery and, if appropriate, amending

the Complaint in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

The Court advises Plaintiff that unlike criminal defendants, civil litigants do not have a constitutional right to counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Further, the Court cannot guarantee the availability of pro bono counsel for this case, and there may be a lengthy period of time before any pro bono counsel volunteers to represent Plaintiff. Therefore, Plaintiff should be prepared to proceed with this case without an attorney.

**BACKGROUND**

After filing the Complaint, Plaintiff requested to proceed *in forma pauperis*, [ECF No. 2], which the Court granted, [ECF No. 6]. Following the New York City Law Department's identification of Jane and John Doe Defendants [ECF No. 15],[1] and this Court's Order to Show Cause [ECF No. 16], Plaintiff filed an Amended Complaint on August 11, 2026, which named the identified individual Defendants [ECF No. 19]. Plaintiff asserts claims under the Eighth and Fourteenth Amendments to the Constitution, alleging that he was assaulted by gang members on January 7, 2024 while in custody at the EMTC Facility in East Elmhurst, New York. *See* Am. Compl. at 3–7 [ECF No. 19]. He alleges, *inter alia*, that this assault led to him "being placed on life support . . . due to the defendants failure to provide a safe environment." *Id.* at 3. Plaintiff purportedly sustained injuries that he continues to suffer from. *See id.* at 7–8. He seeks compensatory and punitive damages and an award for the costs of future medical treatment. *Id.* at 8–9.

[1] On March 4, 2026, the Court ordered the New York City Law Department to "identify the individual who occupied the post [of the EMTC Warden] as of January 7, 2024, and a service address, and to provide this information to Plaintiff and the Court within 60 days." [ECF No. 8 at 3 & n.3]. On June 3, 2026, the New York City Law Department identified Former Assistant Commissioner (Warden) Sonia Harvey, stating the Office was "in the process of ascertaining a service address for former Warden Sonia Harvey and will update the Court as soon as possible once it is ascertained." [ECF No. 15 at 3 & n.3]. The New York City Law Department has not yet provided a service address for former Warden Sonia Harvey.

On March 4, 2026, this Court ordered Defendants to serve discovery responses in accordance with Local Civil Rule 33.2 within 120 days. [ECF No. 8 at 4–5]. On August 1, 2026, the Court granted the City of New York's (the "City") request for an extension of that deadline until 30 days after the City responded to Plaintiff's then-forthcoming amended complaint. [ECF No. 18]. The City filed an Answer to the Amended Complaint on August 31, 2026 [ECF No. 21], so its Rule 33.2 discovery responses were due to Plaintiff on September 30, 2026. Plaintiff filed a "Reply" to the City's Answer on September 28, 2026, wherein he renewed his request for appointment of pro bono counsel [ECF No. 22 at 3].

## LEGAL STANDARD

District courts have authority to "request an attorney to represent any person unable to afford counsel" under the *in forma pauperis* statute, 28 U.S.C. § 1915(e). There is no requirement that courts provide indigent litigants with counsel in civil cases, and district courts have discretion, "in accordance with sound legal principles," to decide whether appointment of pro bono counsel is warranted. *See Hodge*, 802 F.2d at 60. Within that discretion, courts in the Second Circuit consider "whether the indigent's position seems likely to be of substance." *Id.* at 61. If the litigant's claims meet that threshold, courts consider, among other things, the litigant's ability to investigate crucial facts and present the case without counsel. *Id.* at 61–62.

## DISCUSSION

In examining the individual circumstances of this case, the Court finds that limited appointment of pro bono counsel is warranted. Plaintiff's claims are likely to be of substance as a threshold matter, and Plaintiff is unlikely to be able to investigate the crucial facts of this case without counsel, given the possibility of "conflicting evidence implicating the need for cross-examination." *Id.* at 61. In particular, while Plaintiff is no longer incarcerated, his investigation

of events that took place in prison and cross-examination of corrections officials would be greatly assisted by counsel.

Therefore, the Court requests that pro bono counsel appear for the limited purpose of discovery and, if appropriate, amending the complaint. Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* Pro Bono Fund Order, available at https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that Defendants file a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by pro bono counsel of a Notice of Completion, pro bono counsel's representation of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

**CONCLUSION**

For the reasons discussed herein, the Clerk of Court is respectfully requested to attempt to locate pro bono counsel for the limited purpose of conducting discovery and, if appropriate,

amending the complaint in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

The Court reminds Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is also respectfully requested to mail Plaintiff a copy of this Order.

**SO ORDERED.**

**Date: November 5, 2026**
**New York, NY**

Mary Kay Vyskocil

MARY KAY VYSKOCIL
United States District Judge